### GEORGE JOYNER v. HOME SECURITY LIFE INSURANCE COMPANY.

(Filed 18 March, 1931.)

APPEAL by plaintiff from *Moore, Special Judge,* at February Term, 1931, of WAKE.

Civil action to recover on a contract of insurance.

The defendant pleaded fraud in the procurement of the policy, and, on evidence to support the finding, this issue was answered in favor of the defendant. Judgment entered accordingly.

Motion by plaintiff "to set aside the verdict as a matter of law"; overruled; exception; appeal.

*George W. Ball for plaintiff.*
*Thos. W. Ruffin for defendant.*

PER CURIAM. The record contains no exceptive assignment of error which can be sustained.

No error.

### MONON STONE COMPANY v. DIXSON HOLDING CORPORATION.

(Filed 15 April, 1931.)

APPEAL by defendant from *Stack, J.,* at September Term, 1930, of FORSYTH.

The plaintiff furnished the defendant stone which was used in the construction of a building on a lot owned by the defendant in the city of Winston-Salem. Of the total cost, the plaintiff received $3,506.48, the balance claimed being $2,238.52.

The following verdict was returned:

1. Was the stone for the Brown-Rogers-Dixson Building on Trade Street furnished by the plaintiff, Monon Stone Company, and received by the defendant, Dixson Holding Corporation, as alleged in the complaint, said material being furnished upon a contract with the contractor or subcontractor who built the building on defendant's lot? Answer: Yes.

2. Did the plaintiff, Monon Stone Company, file a lien on the property of the defendant, Dixson Holding Corporation, for the stone furnished by it and used in the building constructed thereon within six months after the last of the said stone was furnished, as alleged in the complaint? Answer: Yes.

3. In what amount, if any, is the defendant Dixson Holding Corporation, indebted to the plaintiff for the stone furnished by the plaintiff? Answer: $2,238.52.

The facts in reference to the lien are set out in the judgment, which was rendered in favor of the plaintiff.

*S. E. Hall and E. M. Whitman for plaintiff.*
*Parrish & Deal and Ingle & Rucker for defendant.*

PER CURIAM. We are of opinion that this case was tried in substantial compliance with the law, and that the record discloses no reversible error.

No error.

---

SAMUEL ARROW v. H. C. CHANDGIE.

(Filed 15 April, 1931.)

APPEAL by plaintiff from *Finley, J.,* at January 5th Term, 1931, of GUILFORD.

Civil action brought before a justice of the peace to recover for personal services alleged to have been rendered by the plaintiff to the defendant, which resulted in a judgment for the plaintiff and appeal by the defendant to the Superior Court.

On a plea to the jurisdiction and denial of liability because plaintiff's claim allegedly arose out of unadjusted partnership dealings between the parties, the jury in the Superior Court found with the defendant.

From a judgment dismissing the action for want of jurisdiction, plaintiff appeals, assigning errors.

*Younce & Younce for plaintiff.*
*Frazier & Frazier for defendant.*

PER CURIAM. Affirmed on authority of *Nixon v. Morse,* 194 N. C., 225, 139 S. E., 170, *Love v. Rhyne,* 86 N. C., 576, and *Commissioners v. Sparks,* 179 N. C., 581, 103 S. E., 142.

Affirmed.